# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| XIAOBING WANG AND LIANGQING LI, <br><br> Plaintiffs, <br><br> v. <br><br> INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS ON SCHEDULE "A," <br><br> Defendants. | Case No. 22-cv-2024 |

### COMPLAINT FOR PATENT INFRINGEMENT

NOW COME, Plaintiffs, XIAOBING WANG AND LIANGQING LI, (collectively, "Plaintiffs"), by and through their attorneys, Barney & Karamanis, LLP, and in complaining of Defendants, the Individuals, Partnerships, and Unincorporated Associations on Schedule A ("Defendants") of infringing U.S. Patent No. X,XXX,XXX (the "Patent-in-Suit" or the "X Patent") under 35 U.S.C. §271, alleging as follows:

### PARTIES

1. Plaintiffs are the inventors of the Patent-in-Suit who live in the People's Republic of China.

2. Defendants are individuals and entities who sell and/or offer to sell infringing products through various "storefronts" via online retail websites accepting US Dollars.

3. At present, many of the Defendants can only be identified through their storefronts and other limited publicly available information. Plaintiffs will voluntarily

amend its Complaint as needed if Defendants provide additional credible information regarding their identities.

## JURISDICTION AND VENUE

4. This is an action for infringement of the Patents-in-Suit arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

5. Each Defendant sells and/or offers to sell infringing products through various "storefronts" via online retail websites accepting US Dollars through Amazon.com, eBay.com, wish.com, and Walmart website platforms through which each Defendant targets residents in this judicial district and, upon information and belief, ships infringing products to residents within the Northern District of Illinois. Thus, each Defendant is committing, *inter alia*, patent infringement in this District.

6. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to the claim occur within this District, each Defendant has committed acts of infringement in and has significant contacts within this District, and each Defendant as delineated in Schedule A is selling or offering to sell the infringing products in the product listings targeted at this District.

7. In addition, on information and belief, each of the Defendants is a foreign entity or individual and "a defendant not resident in the United States may be sued in any judicial district .... " 28 U.S.C. § 1391(c)(3).

## U.S. PATENT NO. X,XXX,XXX

8. On October 23, 2012, United States Patent No. X,XXX,XXX (the "X Patent") was duly and legally issued by the United States Patent and Trademark Office for

an invention entitled [REDACTED]. A true and correct copy of the X Patent is attached hereto as Exhibit A.

9. XIAOBING WANG AND LIANGQING LI are the inventors and owners of the X Patent.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. X,XXX,XXX

10. Defendants directly or through intermediaries offer to sell and/or sell the PRODUCTS which infringe the X Patent, shown in Exhibits A-1, A-2, and A-3.

11. Upon information and belief, Defendants have been and are now infringing claims 1, 2, 3, and 8 of the X Patent in the State of Illinois, in this judicial district, and other jurisdictions in the United States by selling or offering to sell the infringing magnetic suspension devices. The Defendants are directly infringing, literally infringing, and/or infringing the X Patent under the doctrine of equivalents.

12. The infringing products directly infringe claim 1 of the X Patent. For example, Defendants' Products include a [REDACTED] base and a [REDACTED] body; the [REDACTED] body being […REDACTED…]. *See* Ex. A-1, A-2, and A-3.

13. The infringing products directly infringe claim 2 of the X Patent. For example, the [REDACTED] body is a [REDACTED]. *See* Ex. A-1, A-2, and A-3.

14. The infringing products directly infringe claim 3 of the X Patent. For example, a [REDACTED] board is arranged inside the [REDACTED]. *See* Ex. A-1, A-2, and A-3.

15. The infringing products directly infringe claim 8 of the X Patent. For example, the Defendants' Products are [REDACTED] devices including […REDACTED…]. *See* Ex. A-1, A-2, and A-3.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter:

1. a judgment in favor of Plaintiffs that Defendants have infringed the Patents-in-Suit;

2. a permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit, or such other equitable relief the Court determines is warranted;

3. a judgment and order requiring Defendants pay to Plaintiffs their damages, costs, expenses, lost profits, and prejudgment and post-judgment interest for Defendants' infringement of the Patents-in-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

4. a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to Plaintiffs the costs, expenses, and reasonable attorneys' fees incurred in this action; and

5. that, upon Plaintiffs' request, all in privity with Defendants and with notice of the injunction, including but not limited to any online marketplace platforms, such as Amazon.com, eBay.com, wish.com, and Walmart, and vendors of sponsored search terms or online ad-word providers, financial services providers, including but not limited to credit card providers, banks, merchant account providers, third party payment processors, web hosts, and Internet search engines, such as Google, Bing, and Yahoo shall:

    a. cease providing services used by Defendants, currently or in the future, to sell or offer for sale goods under the X Patent;

    b. cease displaying any advertisements in any form, connected or associated with Defendants in connection with the sale of infringing goods under the X Patent; and

    c. disable all links to the marketplace accounts identified on Schedule A from displaying in search results, including from any search index.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ James A. Karamanis
James A. Karamanis
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Ste 3050
Chicago, IL 60601
Tel.: 312/553-5300
Attorney No. 6203479
James@bkchicagolaw.com

*ATTORNEY FOR PLAINTIFFS*