```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

XIAOBING Wang, et al.,          )
                                )   Docket No. 22 C 2024
                  Plaintiffs,   )
                                )   Chicago, Illinois
       v.                       )   February 10, 2023
                                )   9:01 a.m.
INDIVIDUALS, PARTNERSHIPS, and  )
UNINCORPORATED ASSOCIATIONS on  )
SCHEDULE A, et al.,             )
                                )
                  Defendants.   )

       TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Motion Hearing
              BEFORE THE HONORABLE THOMAS M. DURKIN

APPEARANCES:

For the Plaintiffs:    MR. KENNETH A. NAZARIAN
                       Barney & Karamanis, LLP
                       Two Prudential Plaza
                       180 North Stetson Avenue, Suite 3050
                       Chicago, Illinois  60601

For Defendants
Joybuy and Joybuy
Express:               MR. WALLACE H. FENG
                       Leydig, Voit & Mayer
                       Two Prudential Plaza
                       180 North Stetson Avenue, Suite 4900
                       Chicago, Illinois  60601-6731

For Defendant
Meowsomerandoms:       MR. ADAM E. URBANCZYK
                       AU LLC
                       564 West Randolph Street, 2nd Floor
                       Chicago, Illinois  60661


                       ELIA E. CARRIÓN
                     Official Court Reporter
                    United States District Court
               219 South Dearborn Street, Room 1432,
                       Chicago, Illinois 60604
                          (312) 408-7782
                    Elia_Carrion@ilnd.uscourts.gov
```

```
1              (Proceedings heard telephonically.)
2              THE CLERK:  Good morning.  The next case is 22 CV
3    2024, Wang v. The Defendants Identified on Schedule A.
4              Could I please have the attorney present on behalf of
5    the plaintiff state their name.
6              MR. NAZARIAN:  Good morning, Your Honor.
7    Ken Nazarian on behalf of plaintiff.
8              THE CLERK:  And anyone present on behalf of any
9    defendants?
10             MR. FENG:  Yes.  This is Wallace Feng on behalf of
11   the Joybuy Marketplace defendants, which are Defendant
12   No. 281, Joybuy, and Defendant No. 282, Joybuy Express.
13             MR. URBANCZYK:  Good morning.  Adam Urbanczyk for
14   Defendant Meowsomerandoms.
15             THE COURT:  All right.  Do you know the number of
16   that, Mr. Urbanczyk, in the complaint?  Or does --
17   Mr. Nazarian, do you know the number on that?
18             MR. URBANCZYK:  Offhand, I do not, Your Honor.  But
19   hold on; let me see if I can find it.
20             I apologize, Your Honor.  I'm not in front of my
21   computer.
22             THE COURT:  That's all right.
23             MR. URBANCZYK:  I was just checking if the original
24   email was there.
25             THE COURT:  That's all right.
```

1  MR. URBANCZYK: I do not have it, Your Honor.
2  THE COURT: Okay. All right. This is a motion for
3 default judgment. You're not dealing with the two represented
4 defendants, correct? Or the multiple represented defendants,
5 correct?
6  MR. NAZARIAN: Correct, Your Honor.
7  THE COURT: All right. Mr. Nazarian, I went through
8 these papers last night, and this is a patent case. The
9 temporary restraining order was entered -- your complaint
10 alleges patent infringement. The temporary restraining order
11 was for -- that I entered was for patent infringement.
12  But I reviewed the preliminary injunction order last
13 night that was entered August 4, 2022. And the injunction
14 that was entered is for copyrights and trademarks.
15  Now, shame on me for missing it, but how did that
16 happen?
17  MR. NAZARIAN: Honestly, Your Honor, I -- I do not
18 know. I -- I apologize for that. That was -- that was a
19 mistake. That should have been limited to patents.
20  THE COURT: Well, of course it should. And you're
21 right, it was a mistake. And I -- shame on me for missing it.
22 I get dozens and dozens of these cases it seems like every
23 week, or certainly every month.
24  But I rely upon attorneys when I enter a preliminary
25 injunction, for the same reasons I enter a temporary

1  restraining order, which is typically how I phrase it, to have
2  the injunction, when the order is presented, match the oral
3  ruling I made.
4  　　　　We've had an injunction in place since August 4,
5  2022, and no one -- and I -- on this one you should know --
6  no one has come in to point out that the injunction is for
7  different violations than what the temporary restraining order
8  was.  And it doesn't even match your complaint.
9  　　　　I'm vacating the -- Document 29, the injunction that
10 was entered on August 4th.  If parties have had their assets
11 frozen based on this wrongfully entered injunction, which
12 again, I take blame for it because I'm the one who signed it,
13 but I think it's pretty clear how this happened; I got the
14 wrong one.
15 　　　　If people had their assets restrained, or there was
16 any other economic distress from it, I'll certainly be willing
17 to hear from them, because it's not their fault.  So that
18 preliminary injunction order is vacated.
19 　　　　The motion for default is going to be denied without
20 prejudice.  I looked over your motion for default, and I don't
21 understand going to -- this is Document 57-1, page 11 of 13,
22 there is a conclusory statement that says "in a hypothetical
23 negotiation, plaintiff would have requested anywhere from half
24 a million to $1 million for a licensing fee."  And then you
25 ask for $1 million in compensatory damages.

Case: 1:22-cv-02024 Document #: 73 Filed: 02/27/23 Page 5 of 9 PageID #:583

5

1           It's entirely conclusory; it's not supported in the
2 affidavit. The affidavit just points -- from Mr. Wang just
3 points out the sales of the allegedly infringing products.
4 How you go from that to a hypothetical negotiation is not
5 supported.
6           So if you refile this motion, you're going to have to
7 support the basis of the -- where you come up with this
8 million dollars. And even the request for $1 million, I don't
9 know whether it's per defendant, collectively for all
10 defendants, whether it's joint and several.
11          You have a large number of sales. Unlike many of
12 these patent infringement cases, you have a number of sales of
13 the allegedly infringing products, which often is used as the
14 proxy for damages when you have defendants that default and
15 don't come in and provide the sales information and the profit
16 information they typically do. So the profits are often
17 imputed from the sales. I don't get from that a carryover to
18 this million-dollar licensing fee.
19          So the motion for default is denied without
20 prejudice. If you want to come back in and try and clean this
21 up somehow, you're free to do so with a properly-noticed
22 motion.
23          To the two defendants that are represented -- or the
24 two attorneys representing multiple defendants, you should
25 know, as I've just said, the preliminary injunction order is

1 vacated.

2 If you're going to come in on a new injunction order,
3 Mr. Nazarian, properly notice it. Make sure the draft order
4 comports with the relief you're requesting. The temporary
5 restraining order, of course, has expired a long time ago.

6 Anything else anyone wants to raise? I'll hear first
7 from Mr. Nazarian.

8 MR. NAZARIAN: Your Honor, nothing from me,
9 Your Honor. I -- I do apologize for -- for that. That was a
10 mistake at my office. I apologize.

11 THE COURT: All right.

12 Anything from the two defendants that are -- or two
13 attorneys who represent several defendants?

14 Mr. Feng?

15 MR. FENG: Yes, Your Honor, just to add, the -- just
16 to clarify Joybuy's marketplace's status -- Joybuy
17 Marketplace's position is that it's a platform and does not
18 make or sell the accused products, so it has removed the
19 accused listings, provided detailed sales data, and disclosed
20 the identities --

21 THE COURT: Slow down, please. Slow down. I can't
22 understand when you're going that fast.

23 MR. FENG: I'm sorry, Your Honor.

24 So Joybuy Marketplace's position is that it's a
25 platform and does not make or sell the accused products. It

1 has removed the accused listings, provided detailed sales
2 data, and disclosed the identities of the third parties.
3     THE COURT: All right. Mr. Feng, let me interrupt
4 you.
5     That is an argument you ought to make to
6 Mr. Nazarian. And if he agrees, he will likely just remove
7 you from the case. If he disagrees, you no longer have an
8 injunction pending against you. It's unlikely he's going to
9 move for default against you because you're a represented
10 party.
11     And at our next -- I'll set this over for another
12 status. If you haven't resolved it, then I'll give you a date
13 to answer the complaint. And we can take discovery and you
14 can move forward like any other case. But I think the
15 arguments you're making may be very well-founded, but they
16 really ought to be addressed first to the plaintiff, because
17 in most of these cases, if -- because of the literally
18 hundreds of defendants that are typically involved in these
19 cases, inevitably there are some defendants that have good
20 faith -- meritorious defenses, and most plaintiffs' attorneys
21 recognize that if it's true, and then they resolve it.
22     So I'm simply saying save that argument for
23 Mr. Nazarian, and then you can save it for me if there's a
24 motion to dismiss you file rather than an answer if we reach
25 that point.

1   MR. FENG: Thank you, Your Honor. And we are in
2 discussions with plaintiff's counsel regarding Joybuy
3 Marketplace's status [unintelligible] platform.
4   THE COURT: Okay. And, Mr. Urbanczyk, anything else?
5   MR. URBANCZYK: Nothing from us, Your Honor.
6   THE COURT: Okay. I'm going to set this over for
7 60 days. You're free to come in earlier, Mr. Nazarian, if you
8 have a renewed motion of -- for injunction or a renewed motion
9 for default. But in case -- I don't want to lose track of the
10 case so we'll set it over for 60 days. And we'll of course
11 vacate the status if there's actions taken earlier on any new
12 motions you make.
13   So we'll give you a date.
14   THE CLERK: All right. April --
15   MR. URBANCZYK: Understood, Your Honor. Thank you
16 very much.
17   THE COURT: We'll give you the date now.
18   THE CLERK: April 14th at 9 o'clock.
19   MR. URBANCZYK: Thank you, Your Honor.
20   THE COURT: Okay. April 14th at 9 o'clock, unless
21 you're in earlier on some type of motion. Thank you all.
22   (Proceedings concluded at 9:10 a.m.)
23
24
25

```
 1                          CERTIFICATE
 2       I certify that the foregoing is a correct transcript from
 3   the record of proceedings in the above-entitled matter.
 4   /s/ Elia E. Carrión            27th day of February, 2023
     _____         _____
 5   Elia E. Carrión                           Date
     Official Court Reporter
 6
```