```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

XIAOBING Wang, et al.,              )
                                    )  Docket No. 22 C 2024
              Plaintiffs,           )
                                    )  Chicago, Illinois
     v.                             )  February 17, 2023
                                    )  9:15 a.m.
INDIVIDUALS, PARTNERSHIPS, and      )
UNINCORPORATED ASSOCIATIONS on      )
SCHEDULE A, et al.,                 )
                                    )
              Defendants.           )

        TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Motion Hearing
                BEFORE THE HONORABLE THOMAS M. DURKIN

APPEARANCES:

For the Plaintiffs:      MR. KENNETH A. NAZARIAN
                         Barney & Karamanis, LLP
                         Two Prudential Plaza
                         180 North Stetson Avenue, Suite 3050
                         Chicago, Illinois  60601

For Defendants
Joybuy and Joybuy
Express:                 MS. NICOLE E. KOPINSKI
                         MR. WALLACE H. FENG
                         Leydig, Voit & Mayer
                         Two Prudential Plaza
                         180 North Stetson Avenue, Suite 4900
                         Chicago, Illinois  60601-6731

For Defendant
Meowsomerandoms:         MR. BRIAN M. SWIFT
                         AU LLC
                         564 West Randolph Street, 2nd Floor
                         Chicago, Illinois  60661

                         ELIA E. CARRIÓN
                         Official Court Reporter
                       United States District Court
                  219 South Dearborn Street, Room 1432,
                         Chicago, Illinois 60604
                            (312) 408-7782
                      Elia_Carrion@ilnd.uscourts.gov
```

1 (Proceedings heard telephonically.)

2 THE CLERK: The next case is 22 CV 2024, Wang v. The
3 Defendants Identified on Schedule A.

4 Could I please have the attorney present on behalf of
5 the plaintiff state their name.

6 MR. NAZARIAN: Good morning, Your Honor.
7 Ken Nazarian on behalf of plaintiff.

8 THE CLERK: Is anyone present on behalf of any
9 defendant?

10 MS. KOPINSKI: Nicole Kopinski on behalf of the
11 Joybuy Marketplace, Defendant 281, Joybuy; Defendant 282,
12 Joybuy Express.

13 MR. FENG: Wallace Feng, also for the Joybuy
14 Marketplace.

15 MR. SWIFT: And good morning, Your Honor.
16 Brian Swift on behalf of Defendant Meowsomerandoms.

17 THE COURT: All right. This is up on a motion for
18 preliminary injunction. And I'm assuming, Mr. Nazarian, that
19 people that are represented -- the parties represented are not
20 the subject of your motion for preliminary injunction. Or am
21 I incorrect?

22 MR. NAZARIAN: No, correct, Your Honor, none of the
23 appearing defendants are part of the motion for preliminary
24 injunction.

25 We're going to make sure that they -- those names are

1    left off of any Schedule A for the preliminary injunction.
2                THE COURT:  Okay.  Well, this case -- I'm disturbed
3    about a couple of things that occurred in this case as
4    you know from last week.
5                But just to go over the history.  There was a
6    temporary restraining order granted on April 20, 2022.  It was
7    extended.  Ultimately, it expired in June, June 10th.  And I
8    entered a preliminary injunction on your request on
9    August 4th.  But the order presented to me -- even though this
10   is a patent case, the order presented to me was for a
11   trademark case.  Obviously, a mistake.  Mistake by you to give
12   it to me; mistake by me to sign it.  And I acknowledge that.
13               You then came in, in December on a motion for entry
14   of a default judgment.  In that motion for entry of default
15   judgment, you represented that on August 2nd you served the
16   defendants via email with copies of the amended complaint,
17   sealed temporary restraining order, and summons, and that
18   answers and motions under Rule 12 were due on August 23rd.
19               I accepted your representations, which I understood
20   to be accurate, as they're required to be when you file a
21   court document, that summonses had been issued.  So I entered
22   a default against all the defendants you asked for me to enter
23   a default on because I understood they had all received a
24   summons.
25               I denied your request for default judgment because

1  the request for damages of $1 million was completely
2  inadequate, unsupported by affidavit, and so I denied the
3  request for default judgment without prejudice, but I did
4  enter a default.
5        You then came in last week on a motion for default
6  judgment.  I again denied it without prejudice and said that
7  the request for damages were completely unsupported.  They
8  were -- not completely unsupported; they were inadequate.
9        There was nothing about why $1 million would be
10 justified in your client's affidavit that I found adequate, at
11 least, and you had said you'd be coming back on that.  I
12 vacated the preliminary injunction because it had been entered
13 for a trademark case and so I vacated it and you're back today
14 to seek a preliminary injunction, presumably with the correct
15 proposed order for a patent case.
16       It was in looking further at this, though, to see if
17 the parties had received notice of the preliminary injunction
18 and had been properly brought into court in the first place
19 that I found no evidence that summonses were issued by the
20 clerk's office back when this case was filed some -- well,
21 let's see -- the case filed in April of 2022.
22       And in reviewing the docket sheet through today, I
23 found no evidence that the clerk's office has issued
24 summonses, or -- or that summonses had been returned executed.
25       I assumed that was -- that summonses had been issued

1  based on your representation in the Document 42-1 that
2  defendants had been served in August with copies of the
3  amended complaint, sealed temporary restraining order, and
4  summonses.
5       I asked my courtroom deputy to send you an email
6  asking -- seeing if there was some problem where perhaps the
7  docket was not accurate and summonses in fact had been issued
8  by the clerk's office and then had been served and then filed
9  by you as returned executed, which is what happens typically
10 in these cases.  "Typically," meaning every case I've had.
11      And your answer to her was that -- this is an email I
12 believe last night:  "Good afternoon, Emily.  I apologize for
13 the delay in getting back to you.  I looked through our file
14 and realized that the summons sent to the defendants was never
15 filed with the Court.  I've attached the summons to this
16 email, and we'll raise it before the judge tomorrow to see how
17 we should proceed."
18      The summonses you -- the summons that you returned to
19 Emily is not a summons issued by -- at least doesn't show any
20 notice -- any note as it being issued by the clerk's office.
21 It doesn't have any of the signature or seal on the bottom
22 that typically comes from the clerk's office.  And in
23 Schedule A cases, the "to" field, which is typically,
24 you know, to defendant, whatever defendant's name is,
25 according to the TRO, it should have been issued as

1  autocomponents999 and all other defendants identified in the
2  complaint.  And that was blank.
3  　　　　　So I'm puzzled.  Maybe there's an explanation for
4  this.  And this is a good time for you to tell me.
5  　　　　　Did you ever get a summons in this case issued by the
6  clerk's office?
7  　　　　　MR. NAZARIAN:  Your Honor, based upon what we looked
8  at, I don't believe that there was a summons issued by the
9  clerk's office.  I honestly don't know how it happened.  The
10 summons that we've sent out to defendants was apparently never
11 seemingly issued by the clerk's office.
12 　　　　　I -- I don't know how it occurred.  I -- I -- I -- I
13 apologize to the Court for -- for that.  It was never meant to
14 be any type of misrepresentation.  I had always thought that
15 the defendants had been properly served in this case.  Based
16 upon what is the judge's -- Ms. Wall's email, I looked through
17 the file.  It was discovered that the summons itself had not
18 been issued, that it had been sent out in that format, which I
19 sent over to the -- to Ms. Wall.
20 　　　　　Obviously, this was a gross error.  It should not
21 have happened.  And I -- I -- I apologize to the Court greatly
22 on that -- those issues.  I -- I -- I believe that it would be
23 appropriate to vacate the default judgment and re-serve the
24 defendants with the appropriate summons, if Your Honor would
25 allow it, and to continue there -- thereafter.

1 THE COURT: Well, the apology shouldn't be to me.
2 The apology ought to be to the hundreds of defendants who were
3 brought into court through notice of a complaint but not given
4 a summons.
5 The apology ought to be to all the defendants that
6 had assets frozen; the apology ought to be to all the
7 defendants, of there are many, that you voluntarily dismissed
8 presumably because you settled with them; the apology ought to
9 be to -- well, that's a start. There ought to be many others.
10 And apologies don't do it.
11 You're an experienced litigator. Summonses have to
12 be issued by the clerk's office to drag somebody into Court.
13 It doesn't matter if they're a number of Chinese
14 counterfeiters or an American corporation, General Motors.
15 You bring people into court by getting a summons
16 that's been issued by the clerk's office. That's the
17 authority that allows you to bring someone to court, not just
18 the filing of a complaint. A complaint is just a piece of
19 paper.
20 But to tell someone when they get that piece of paper
21 that there is something behind it such as court authority to
22 answer it, that's what a summons is. And you know this.
23 You're an experienced litigator. I'm sure you've done it
24 hundreds of times. You fill out the summons, you send it to
25 the clerk's office, they issue it under their authority with a

1  signature and title and seal, and then they enter it on the
2  docket that summonses have been issued.
3      And what I usually check, and I unwisely relied upon
4  your representation, but I usually check to see if summonses
5  were returned executed.  It's so routine.  It happens in
6  every one of these Schedule A cases.  It happens in every
7  case.  I don't know what we're up to -- you know, even this
8  year, we get thousands of cases.  This is what happens in
9  these cases.
10      And I'm -- this case is stayed.  Nothing more is
11  happening on this case at this moment.  I want to review this
12  more closely.  You're going to be coming into court -- into
13  court, none of these conferences, because I want explanations
14  on all this.
15      MR. NAZARIAN:  Understood, Your Honor.
16      THE COURT:  I don't know if -- I don't know if any of
17  these -- stop your settlement discussions because they're
18  being done under false pretenses right now.  No more
19  settlements, because you don't have authority of the Court to
20  be doing it, because you don't have a lawfully issued summons.
21      And I'm a little concerned -- more than a little --
22  about your representations to Ms. Wall -- I hope it was
23  unintentional -- that you have -- you said you realized "the
24  summons sent to defendant was never filed with the court."
25      That's the second step.  The first step is getting a

1  summons issued by the Court.  And that didn't happen.  So
2  maybe it's an ambiguity in your email, but I certainly hope
3  you weren't misrepresenting anything in that regard, but --
4              MR. NAZARIAN:  No, not -- not at all, Your Honor.
5  That -- that was merely meant that it was not filed with the
6  court for issuance.
7              THE COURT:  All right.  Well, this case is stayed.
8  Nothing more happens.  And don't fill out -- and I'm ordering
9  you not to engage in settlement discussions with any remaining
10 defendants.  We'll see what happens with --
11             MR. NAZARIAN:  Understood, Your Honor.
12             THE COURT:  -- see what happens in the settlements
13 that have already occurred.
14             We'll put out a minute order --
15             MS. KOPINSKI:  Your Honor --
16             THE COURT:  Go ahead.  Who is this?
17             MS. KOPINSKI:  On behalf of the Joybuy Marketplace
18 defendants, Joybuy Marketplace does not concede that service
19 was properly effected against it or that alternative service
20 is proper against it, and -- and notes that we have been
21 involved in this case since appearing in August.
22             We also note as a point of housekeeping, there is a
23 status hearing set on the record pursuant to a docket entry
24 for April.
25             THE COURT:  We're going to issue a minute order.

1   I'll consult with my courtroom deputy so that it's consistent
2   with my trial schedule so I don't interfere with the jury
3   trial, for an in-court appearance on this case required for
4   plaintiffs' counsel.
5         If any defense counsel want to come in, they're free
6   to do so.  You'll get notice of it.  But -- in fact, you ought
7   to come in too.  I want to see what's been going on with this
8   case behind the scenes.
9         I can't tell you how upset I am about this,
10  Mr. Nazarian.  This is not -- I rely -- as I said last time
11  when I told you how I improvidently signed -- stupidly signed,
12  quite frankly, an order that related to a trademark case when
13  this was a patent case.  And shame on me for doing that.  It
14  will never happen again.  But it was based, in large part, on
15  my faith in the representations attorneys make about these
16  cases.
17        About every case, but especially these cases, because
18  they almost become routine there's so many that are filed in
19  the Northern District of Illinois.  And whether defendants
20  appear or not on the -- in the case, the same care has to be
21  taken by a plaintiff as if they had an opponent that appeared
22  and challenged the bona fides of the case; the proper
23  procedure being used in the case.
24        And I rely upon plaintiffs' counsel, when the defense
25  counsel won't test them on that, I rely upon the integrity and

1 professionalism of plaintiffs' counsel to make sure they do it
2 correctly.  That reliance was unfounded in this case.
3     And you'll get a minute order setting this for a
4 status, and we'll go from there.
5     Anything else by plaintiff?
6     MR. NAZARIAN:  Nothing, Your Honor.  Just again, an
7 apology to the Court.  It was never my intention for any
8 misrepresentations to be made to the Court.
9     THE COURT:  Anything else from defendants?
10     All right.  You'll get a minute order in the next few
11 days setting it for a status.  Thank you.
12     MR. NAZARIAN:  Thank you, Your Honor.
13   (Proceedings concluded at 9:30 a.m.)
14                     CERTIFICATE
15   I certify that the foregoing is a correct transcript from
16 the record of proceedings in the above-entitled matter.
17 */s/ Elia E. Carrión*          27th day of February, 2023
18 *Elia E. Carrión*                      Date
   *Official Court Reporter*
19
20
21
22
23
24
25